UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FLORENCE DUGGINS,

                                        **Plaintiff,**                               **OPINION & ORDER**
                                                                                      24-CV-8068 (NG)(ST)

     -against-

WALMART, INC., *et al.*,

                                        **Defendants.**
-------------------------------------------------------------x
**GERSHON, United States District Judge:**

       Plaintiff Florence Duggins, a citizen of New York, commenced this personal injury action in state court against Walmart Inc. ("Walmart"), Wal-mart Real Estate Business Trust (the "Trust"), and Blum Enterprises, Inc. ("Blum"). A non-defendant, Wal-mart Stores East, LP ("WSE"), removed the case to this district, alleging diversity jurisdiction. Plaintiff now moves to amend her complaint to join two new defendants—Valley Stream Green Acres, LLC, ("VSGA") and Macerich Property Management Company, LLC ("Macerich")—and to remand this action to state court on the grounds that joinder of VSGA destroys diversity and that New York courts have personal jurisdiction over Walmart. For the reasons set forth below, plaintiff's motion to amend her complaint is granted but the motion to remand this action to state court is denied.

       This action arises from a February 11, 2023, incident in which plaintiff allegedly fell at a Walmart Superstore located in the Green Acres Mall in Valley Stream, New York (the "Premises"). In late November 2023, plaintiff sued Walmart, the Trust, and Blum in the Supreme Court of the State of New York, Queens County, alleging that the Premises were owned, leased, managed, operated, controlled, maintained, inspected, repaired, and/or controlled by all three defendants and that they were jointly and severally liable for her alleged injuries. As required by N.Y. C.P.L.R. §

3017(c), the complaint does not specify the amount of damages sought other than to state that the amount "exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (Complaint, p. 13)

On January 10, 2024, WSE filed an answer to the complaint, claiming that it had been incorrectly sued as Walmart and the Trust. About one month later, plaintiff stipulated to discontinue her claims against Blum, a New York corporation. On November 12, 2024, plaintiff moved to amend her complaint to join VSGA and Macerich as defendants. Two days later, in response to WSE's request for a supplemental demand setting forth the total damages to which plaintiff deemed herself entitled, plaintiff emailed WSE a demand for ten million dollars. On November 20, 2024, WSE removed the action to this district, alleging diversity jurisdiction.

On April 9, 2025, after learning that plaintiff's motion to amend had not been adjudicated in state court, I granted plaintiff permission to move to amend her complaint pursuant to Fed. R. Civ. P. 15(a). I also granted plaintiff leave to move to remand this action on two grounds: 1) that the removal of this action is improper because WSE is not a defendant and 2) that joinder of VSGA and Macerich would destroy diversity jurisdiction. Plaintiff subsequently moved, by notice of motion, to amend the complaint to join VSGA and Macerich. However, plaintiff chose not to argue that WSE was not statutorily authorized to remove this action. Rather, plaintiff argues only 1) that joinder of VSGA would destroy diversity jurisdiction and necessitate remanding this action to state court pursuant to 28 U.S.C. § 1447(e), and 2) that there is not complete diversity because New York courts have personal jurisdiction over Walmart under New York's longarm statute.

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a court may deny a plaintiff's request to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."

2

*Miller v. United States ex rel. Miller*, 110 F.4th 533, 550 (2d Cir. 2024). In assessing the futility of a proposed amendment at the early stages of a litigation, "the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005) (citation omitted). "That is, the court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party." *Id.* Use of a Rule 56 standard in assessing the adequacy of a plaintiff's proposed amendment is inappropriate unless discovery has already closed. *See Engles v. Jones*, 405 F. Supp. 3d 397, 404 (W.D.N.Y. 2019); *Twahir v. Vill. Care of New York, Inc.*, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011).

In opposing plaintiff's motion to amend her complaint, WSE relies on the Declaration of David Smeaton, a Macerich employee who identifies himself as the property manager of the Green Acres Mall, and four documents attached to that declaration: 1) a lease between the Trust and Green Acres Mall, L.L.C.; 2) a sublease between the Trust and WSE; 3) a deed dated January 24, 2013, through which Green Acres Mall L.L.C. sold a parcel of real property to VSGA; and 4) a Management Agreement—also dated January 24, 2013—between VSGA and Macerich. Smeaton claims that these documents "establish that on the day of the alleged accident, [VSGA] was an out of possession lessor" and that neither VSGA nor Macerich "was responsible, by lease or by practice, for maintaining the interior of the Walmart store …." (Smeaton Dec. at ¶ 5) Based on this portion of the Smeaton Declaration, WSE argues that plaintiff should not be permitted to join VSGA and Macerich as defendants because neither was responsible for the Premises. In support of this argument, WSE cites two state court cases in which VSGA and/or Macerich were granted summary judgment in cases involving slips and falls in other stores in the Green Acres Mall on the theory that they were not in possession of the stores at the time of the accidents: *Canela v. Valley*

3

*Stream Green Acres LLC*, 2024 WL 5213437, at *1 (N.Y. Sup. Ct. Queens Cnty. Sept. 6, 2024), and *Harper v. Grey Hawk Flooring Inc.*, 2024 WL 891676, at *1 (N.Y. Sup. Ct. Queens Cnty. Jan. 23, 2024)).

WSE's arguments do not rely on plaintiff's allegations or a Rule 12(b)(6) analysis. Rather, WSE relies on extrinsic evidence and the above-cited state court cases, both of which were decided on summary judgment. This invites the court to engage in a premature summary judgment analysis, which the court cannot do so without foreclosing plaintiff's opportunity to conduct discovery and to litigate VSGA's and Macerich's liability. Accordingly, plaintiff's motion to amend the complaint to add VSGA and Macerich as defendants is granted.

In light of this decision, I must next address plaintiff's argument that joinder of VSGA necessitates remand. This argument is rooted in 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Plaintiff's argument that joinder of VSGA will destroy subject matter jurisdiction is predicated on the assertion that VSGA is a citizen of New York, as is plaintiff.

Plaintiff has submitted two documents in support of that assertion. The first is a document downloaded from the New York Department of State's website which indicates that VSGA is a foreign limited liability company incorporated in Delaware. The second is a document downloaded from the Federal Communications Commission's website which relates to a radio license issued to VSGA. This document indicates that the "control point" for VSGA's radio station is located in Valley Stream, New York.

Neither of these documents supports the assertion that VSGA is a New York citizen. With respect to the second document, FCC regulations require a radio station to have a "control point"—

4

an "operating position … under the control and supervision of the licensee; … [w]here a person immediately responsible for the operation of the transmitter is stationed; [and where] … the monitoring facilities … are installed." 47 C.F.R. § 90.429(b). The regulations further require that the "location of the control point … be specified in the station license." *Id.*, § 90.429(c). But the control point for the radio station operated by VSGA is not determinative of VSGA's citizenship.

The New York Department of State document establishes that VSGA is not a corporation, but a limited liability corporation or LLC. For purposes of determining citizenship, this distinction is important. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). But "an LLC is treated as an unincorporated association." *Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024). "Although Congress has never explicitly laid out jurisdictional rules for unincorporated entities, the Supreme Court has held that diversity jurisdiction in a suit by or against such an 'entity depends on the citizenship of all its members.'" *Id.* (quoting *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016)) Thus, for diversity purposes, an LLC "takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Plaintiff's submissions do not discuss the membership of VSGA. Accordingly, there is no evidence that VSGA is a citizen of New York and that the joinder of VSGA would destroy complete diversity.[1]

---

[1] The only evidence before the court relating to the membership of VSGA is contained in the Smeaton Declaration submitted by WSE. It states:

> The sole member of [VSGA] is Valley Stream GA Mezzanine LLC, a Delaware limited liability company. The sole member of Valley Stream GA Mezzanine LLC is MACWH, LP, a Delaware limited partnership. Its general

5

Plaintiff advances a second argument for remand, asserting that there is not complete diversity of citizenship. However, plaintiff does not allege the citizenship of any of the defendants, much less establish that they, like plaintiff, are New York citizens. Rather, plaintiff seeks to establish that a New York court has personal jurisdiction over Walmart under New York's longarm statute. This argument reflects a misunderstanding of the difference between personal jurisdiction and subject matter jurisdiction. That New York courts have longarm jurisdiction over a defendant does not establish the citizenship of that defendant, much less establish that a defendant is a New York citizen.[2]

## CONCLUSION

For the reasons set forth above, plaintiff's motion to amend the complaint to join Valley Stream Green Acres, LLC, and Macerich Property Management Company, LLC, as defendants is granted. Wal-mart Stores East, LP, shall also be added as a defendant. Plaintiff shall file an amended complaint on or before October 30, 2025, identifying the defendants it intends to sue and setting forth the basis for its claims against them.

---

partner and its limited partner are both Delaware limited liability companies. The members of those companies are all Delaware citizens.

(Smeaton Dec. at ¶ 6) This indicates VSGA is a citizen of Delaware, not New York.

[2] Since plaintiff chose to waive the argument that WSE is not a defendant and not statutorily authorized to remove the case, the court cannot address it sua sponte. *See Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 487–88 (2d Cir. 1998); *Fradys v. Rondeau*, 2022 WL 1289674, at *2 (S.D.N.Y. Apr. 29, 2022). However, because WSE claims that it is the proper defendant in this action, and plaintiff does not dispute this, plaintiff is directed to add WSE as a defendant, including in the caption of the case. The parties are directed to confer and determine whether to stipulate to dismiss Walmart and the Trust from the action.

6

Plaintiff's motion to remand this action to state court is denied.

**SO ORDERED.**

/s/
**NINA GERSHON**
**United States District Judge**

October 20, 2025
Brooklyn, New York

7